IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SETH ANTHONY PARRISH,

        Plaintiff,

v.

BRANDON KELLY,

        Defendant.

Case No. 6:18-cv-01263-SI

ORDER

SIMON, District Judge.

Plaintiff filed this 42 U.S.C. § 1983 prisoner civil rights lawsuit on July 16, 2018. Upon initial review of the case, should Plaintiff wish to continue, he must satisfy the filing fee requirement and file an amended complaint curing the deficiencies identified below. *See* 28 U.S.C. § 1915(e)(2).

I. **Filing Fee Requirement**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. A party seeking to institute a civil action shall

1 - ORDER

pay a filing fee of $400.00, a figure which includes a $50.00 Judicial Administrative Fee. An action may proceed without the prepayment of a filing fee only upon a proper application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). A prisoner granted leave to proceed *in forma pauperis* may be required to pay an initial partial filing fee and shall be required to make monthly payments toward satisfaction of the $350.00 filing fee when sufficient funds are credited to his trust account.[1] 28 U.S.C. § 1915(b). Plaintiff has neither submitted the filing fee nor moved to proceed *in forma pauperis*.

II. **Failure to State a Claim**

A. **Standards**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true,

---

[1] The $50.00 Judicial Administrative Fee does not apply to habeas corpus proceedings or to plaintiffs granted *in forma pauperis* status under 28 U.S.C. § 1915. As a result, civil rights plaintiffs granted *in forma pauperis* status are required to pay only $350.00 over time as funds become available.

2 - ORDER

gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

### B. Analysis

In order to state a valid 42 U.S.C. § 1983 claim for pleading purposes, a plaintiff must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

1991). Plaintiff brings this case against a single Defendant, the Warden of the Oregon State Penitentiary. Plaintiff's claim, in its entirety, reads as follows: "My body was raped." Complaint (#1), p. 4. In his Prayer for Relief, Plaintiff asks to be "paid same price I asked for when I sent you my first civil lawsuit."[2] Id at 6.

A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). It is not clear from Plaintiff's Complaint who may have raped him, when and where this attack occurred, or how his Warden, the only named Defendant to the case, was personally responsible for the alleged attack.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v.

---

[2] Plaintiff previously filed two cases in the District of Oregon, both of which were summarily dismissed as frivolous and/or for failure to state a claim. See Parrish v. Cops#ofThem#, et al., 1:13-cv-01980-AA; Parrish v. Guards, et al., 2:14-cv-01523-CL. The latter case, like the case currently before the Court, involved allegations of sexual assault.

*Brennan*, 511 U.S. 825, 833 (1994) (internal citation omitted). The failure to protect inmates from attacks by other inmates may violate the Eighth Amendment when (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. *Id* at 834. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id* at 835.

Plaintiff does not allege that he faced a threat of serious harm to which Warden Kelly was deliberately indifferent. Instead, Plaintiff appears to name Warden Kelly as the Defendant to this lawsuit based upon his position of authority within the Oregon State Penitentiary. A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045. There is no respondeat superior liability under § 1983. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045.

Plaintiff's bare, conclusory allegation that "his body was raped" fails to comply with the minimal pleading requirements associated with a civil rights case. Accordingly, the Complaint is dismissed for failure to state a claim, but with leave to amend.

**CONCLUSION**

Should Plaintiff wish to continue with this case, he must submit: (1) the requisite filing fee or an application to proceed *in forma pauperis;* and (2) an amended complaint curing the deficiencies identified above. Plaintiff is encouraged to name as defendants any state actors responsible for the alleged rape and identify the circumstances surrounding the rape. Plaintiff's failure to do so within 30 days of the date of this Order shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 30 day of July, 2018.

_____
Michael H. Simon
United States District Judge